J-S63032-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT CASEY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| XPEDX, XPEDX, VERITIV, VERITIV | : | |
| CORPORATION, FORD MOTOR | : | |
| COMPANY AND FORD | : | |
| | : | |
| Appellees | : | No. 3698 EDA 2018 |

Appeal from the Order Entered November 14, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July Term, 2016 02028

BEFORE:   GANTMAN, P.J.E., MURRAY, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 17, 2019**

Robert Casey appeals from the orders entered on November 14 and 15, 2018, in which the trial court granted summary judgment in favor of Xpedx,[1] Veritiv,[2] and Ford Motor Company (collectively, Appellees) and against him, and dismissed the case with prejudice.  Upon review, we reverse the orders of the trial court and remand for proceedings consistent with this memorandum.

_____

[1] Casey has listed two separate addresses for Xpedx in his complaint. **See** Amended Complaint, 9/6/2016, at 1.

[2] Casey has listed two separate entities and two separate addresses for Veritiv and Veritiv Corporation. **See** Amended Complaint, 9/6/2016, at 1.  In 2014, Xpedx merged with another company, and the new entity became Veritiv.  Veritiv is a packaging distribution company.

[*] Retired Senior Judge assigned to the Superior Court.

We provide the following background. Casey was hired as a delivery driver by Pacifico Ford in November 2013. One of his job responsibilities included delivering auto parts. According to Casey, on July 29, 2014, he was charged with delivering a Ford replacement hood[3] to Rocco's Collision in Berlin, New Jersey. Casey typically loaded his delivery van himself, and then would drive to the locations where parts were supposed to be delivered. When he arrived at Rocco's Collision, the shop manager met Casey at the delivery van to sign for the hood. Casey believed the shop manager's name was John or Jerry and that he had an Italian-sounding last name. Deposition of Robert Casey, 8/30/2017, at 30.

Casey stated that when he attempted to remove the hood from his van, he "reached in for [the box with the hood] and the cardboard gave way. [His] arm snapped back, [and his] head snapped back." *Id*. at 31. Casey indicated that "[t]he cardboard ripped" and his "hand came out of the handle." *Id*. at 39. Casey "heard a cracking sound in [his] neck and [experienced] extreme pain in [his] elbow." *Id*. Casey believed that the shop manager completed the delivery,[4] and Casey drove back to Pacifico Ford to report the incident to his manager, Keith Reedell. Casey filled out an

---

[3] Casey sets forth that the Ford model number for the replacement hood was CT4Z-16612-A. Amended Complaint, 9/6/2016, at ¶ 9.

[4] Casey did not know what happened to the box at issue and made no effort to preserve it at the time of the incident.

incident report and also spoke with another shop manager, Johnny Castillano, about the incident. Casey was sent to Mercy Work Care for treatment the same day. Casey was able to work for approximately three weeks after the incident,[5] but then had to cease working due to his injuries.

Casey required surgery on his elbow and neck due to this incident. Casey was medically cleared to return to work as of April 2015, and although he was offered a position at Pacifico Ford, he elected not to return to work.

On June 21, 2016, Casey filed a complaint against Appellees. He filed an amended complaint on September 6, 2016, which included causes of action for negligence, products liability, and breach of warranty. **See** Amended Complaint, 9/6/2016.

On February 6, 2017, a case management order was issued that required discovery to be completed by March 5, 2018, for Casey to submit *curricula vitae* and expert reports by April 2, 2018, and for Appellees to submit their *curricula vitae* and expert reports by May 7, 2018. Casey did not file his expert reports until May 7, 2018. At that time, he submitted four reports from previously undisclosed experts. Three of those reports were from doctors and were related to Casey's current and future medical needs. The fourth report was from a packaging expert, Dr. Douglas C. Moyer (Moyer Report). Dr. Moyer opined, *inter alia*, that it is his "opinion within a

_____

[5] On one of the occasions he was working, Casey took photographs of boxes he believed to be similar to the box that caused his injury. Deposition of Robert Casey, 8/30/2017, at 33. Those boxes were manufactured by Xpedx.

reasonable degree of engineering certainty that the box which injured []
Casey was defective at the time it left [Appellees'] control." Moyer Report,
4/19/2018, at 2.

Also on May 7, 2018, Appellees filed motions for summary judgment.
First, Appellees contended that summary judgment should be granted
because neither Pacifico Ford nor Rocco's Collision has any records indicating
that a Ford replacement hood delivery was made on July 29, 2014. **See**
Motion for Summary Judgment (Xpedx and Veritiv), 5/7/2018, at ¶¶ 10-11;
Motion for Summary Judgment (Ford), 5/7/2018, at ¶¶ 15, 25. According to
Appellees, Casey's "failure to provide any evidence other than his own
unsupported speculation regarding the box  allegedly involved in this
incident alone warrants summary judgment." Motion for Summary Judgment
(Ford), 5/7/2018, at ¶ 27; **see also** Motion for Summary Judgment (Xpedx
and Veritiv), 5/7/2018, at ¶¶ 65-66. Moreover, Appellees argued that Ford
ships replacement hoods with the aforementioned model number in its
PH056 boxes. It was Veritiv's position that it does not manufacture PH056
boxes. Motion for Summary Judgment (Xpedx and Veritiv), 5/7/2018, at
¶ 8.

In addition, Appellees contended that Casey's failure to produce
timely-filed expert reports required that the trial court grant summary

judgment with respect to all claims.[6]    Further, Appellees argued that summary judgment should be granted on the basis of spoliation, because the actual box which purportedly injured Casey was not available for inspection.

Casey responded that the fact that there was no invoice or other evidence of a delivery from Pacifico Ford to Rocco's Collision on July 29, 2014, "creates a genuine issue of material fact which must be decided by the jury at the time of trial." Casey's Response to Motions for Summary Judgment, 7/27/2018, at 2 (unnumbered).  In addition, Casey contended that it indeed filed expert reports, albeit late, but well prior to the scheduled trial in this case.

By orders entered November 14, 2018 and November 15, 2018, the trial court granted summary judgment in favor of Appellees and against Casey.  According to the trial court, Casey's responses to the motions for summary judgment "did not cite to any specific pages in [Casey's] deposition, and did not attach [Casey's] deposition as an exhibit (although Ford did)." Order (Ford), 11/14/2018, at 3; Order (Veritiv and Xpedx), 11/15/2018, at 3.  "Similarly, [Casey's] answer to the present summary judgment motion failed to identify any specific pages in his deposition or

---

[6] In addition, on May 16, 2018, and May 18, 2018, Appellees filed motions to strike Casey's expert reports due to their late filing. Those motions were referred to a different judge, who has not ruled on the motions. *See* Order (Ford), 11/14/2018, at 3 n.3; Order (Veritiv and Xpedx), 11/15/2018, at 4 n.5.

expert reports that supported his factual averments and general denials. [Casey] had the duty to identify the precise pages in [his] deposition testimony and in the expert reports that supported his claims." Order (Ford), 11/14/2018, at 4; Order (Xpedx and Veritiv), 11/15/2018, at 4. Thus, the trial court determined that Casey did not satisfy his burden and the entry of summary judgment against him was proper.

Casey moved for reconsideration of both orders, arguing that due to a clerical error, he neglected to attach accompanying memoranda to his answers to summary judgment. Casey's Motion for Reconsideration (Ford), 11/20/2018, at 1-2; Casey's Motion for Reconsideration (Xpedx and Veritiv), 11/20/2018, at 1-2. The trial court denied the motions for reconsideration, concluding that even after reviewing the attached memoranda, summary judgment was still proper in this case because Casey failed to set forth citations to the record in support of his arguments. Order (Ford), 11/30/2018; Order (Xpedx and Veritiv), 11/30/2018.

Casey timely filed a notice of appeal. The trial court did not order Casey to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, but did file an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Casey contends that the trial court erred in granting summary judgment. It is his position that the trial court erred because it failed to consider the documentation available to it, including both Casey's deposition and the Moyer Report. Casey's Reply Brief at 2. In response,

Appellees contend the trial court did not err in granting summary judgment because Casey violated the rules of civil procedure by failing to supply facts and citations to support his general denials of the claims made in their motions. We review this issue mindful of the following.

> Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law.
>
> > Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.
>
> *Miller v. Sacred Heart Hospital*, 753 A.2d 829, 832 (Pa. Super. 2000) (internal citations and quotation marks omitted). Our scope of review is plenary. In reviewing a trial court's grant of summary judgment,
>
> > we apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> > Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the

motion, including the production of expert reports, an adverse party who will **bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action** or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa. Super. 2006) (internal citations and quotation marks omitted) (emphasis added).

*Kardos v. Armstrong Pumps, Inc.*, ___ A.3d ___, 2019 WL 5540994, at *3–4 (Pa. Super. 2019) (some citations omitted).

We begin by considering the aforementioned procedural dispute between the parties. As the trial court pointed out, it granted summary judgment not on the merits, but because Casey failed to comply with certain rules of civil procedure. Specifically, the trial court rejected Casey's claims "because they were not supported by citations to pages in his deposition that supported [Casey's] factual averments. [Casey] never set forth the gist of [his] testimony and [Casey] did not attach a copy of his deposition to his answer." Order (Ford), 11/30/2018; Order (Xpedx and Veritiv), 11/30/2018.

The trial court further pointed out that Casey produced 60 pages of expert reports, and referenced only the Moyer Report, but not specific pages of it, in his response:

> Both the Pennsylvania [] and Philadelphia Rules of Civil Procedure [] are clear in what is required to respond properly to the allegations presented in a motion for summary judgment. The Pennsylvania rule states:
>
> > (a) Except as provided in subdivision (e) [not applicable to this matter], the adverse party may not rest upon the mere allegations of denials of the pleadings but must file a response within thirty days after service of the motion identifying
> >
> > > (1) one or more issues of fact arising from evidence in the record controverting the evidence in support of the motion or from a challenge to the credibility of one or more of the witnesses testifying in support of the motion, or
> > >
> > > (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.
> >
> > (b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence.
>
> Note: Procedural requirements with respect to argument and briefs are governed by local rule.
>
> Pa.R.C.P. 1035.3(a)(1), (2).
>
> Additionally, the Note to Pa.R.C.P. 1035.2 states: "Rule 239.7 requires every court to promulgate Local Rule 1035.2(a) describing the local court procedure governing motions for summary judgment."

The Philadelphia Rules of Civil Procedure have similar substantive requirements but also direct the respondent as to the proper form of response. The Philadelphia Rule states, in relevant part:

Response to Motion for Summary Judgment. The adverse party or parties must file a response to the motion for summary judgment within thirty (30) days of the service of the motion, as provided by Pa.R.C.P. 1035.3. The response to the motion shall be divided into paragraphs, numbered consecutively, corresponding to the numbered paragraphs of the motion for summary judgment. The response shall state whether each of the allegation is admitted or denied. No general denial is acceptable. The factual reasons for the denial or dispute must be specifically stated and the "record," (as that term is defined in Pa.R.C.P. 1035.1) supporting the denial or dispute must be attached as an exhibit. A response may also include additional allegations demonstrating any genuine issue of material fact, in which event the responding party must reference and attach a copy of the "record," (as that term is defined in Pa.R.C.P. 1035.1) which demonstrates the existence of a genuine issue of material fact.

Phila.Civ.R. 1035.2(a)(4).

**The rules of civil procedure require both movant and respondent to supply specific citation to the record to support averments.**

***Welsh v. Nat'l R.R. Passenger Corp.***, 154 A.3d 386, 392-93 (Pa. Super. 2017) (emphasis added).

We recognize that pursuant to the aforementioned rules, Casey indeed should have cited to, and even quoted from, specific pages in his deposition and the Moyer Report. However, we point out that the Moyer Report consists of only ten double-spaced pages. It was somewhat overreaching of

- 10 -

the trial court to point out that Casey filed 60 pages of expert reports, when the only report relevant to the summary judgment motion was the ten-page Moyer Report. Moreover, the gist of Casey's claim is clear from the complaint and a cursory review of the deposition testimony. Casey's position was simple to discern – he believes he was injured when a cardboard box manufactured by Xpedx, which contained a Ford product, malfunctioned. The trial court did not need to scour the entire deposition to understand those facts, and in fact, the trial court was required to consider all facts of record before making its decision. *See Estate of Agnew v. Ross*, 152 A.3d 247 (Pa. 2017) ("When considering a motion for summary judgment, **the trial court must take all facts of record** and reasonable inferences therefrom in a light most favorable to the non-moving party.") (emphasis added). Accordingly, we conclude that despite Casey's failure to cite to specific pages of his deposition and the Moyer Report, because those facts were available in the record, the trial court erred in granting summary judgment on this basis alone.

Appellees also argue that even had the trial court considered all facts of record, summary judgment would still have been proper. *See* Ford's Brief at 16-21, 23-27 (arguing that Casey did not set forth sufficient evidence to identify the allegedly defective box which is fatal to all claims); *id*. at 21-23 (arguing that Casey did not present expert testimony); *id*. at 27-29 (arguing that Casey did not establish that a warning would have caused Casey to act

differently, which is fatal to his failure to warn claim); *see also* Brief of Xpedx and Veritiv at 18-19 (arguing that Casey failed to present evidence that he actually delivered a Ford replacement part in a Veritiv box on July 29, 2014); *id*. at 24-27 (arguing that the Moyer Report is conclusory and inadequate); *id*. at 27-28 (arguing that Ford, not Veritiv, designed the defective box).

"On summary judgment, as our governing standard makes clear, all doubts are to be resolved in favor of the non-moving party." *K.H. ex rel. H.S. v. Kumar*, 122 A.3d 1080, 1109-10 (Pa. Super. 2015). Here, while Appellees present arguments as to why Casey's case and the Moyer Report are weak or should not be believed, we must resolve all doubts in favor of Casey as the non-moving party. A jury could believe Casey's testimony, as set forth in his deposition, that he delivered a Ford replacement hood in a box with the name Xpedx on it, which malfunctioned and caused his injuries. A jury could also credit the Moyer Report, which sets forth that the box was defective and did not meet industry standards. This testimony creates genuine issues of material fact, which must be resolved by a jury, and preclude summary judgment.[7]

Orders reversed. Case remanded. Jurisdiction relinquished.

---

[7] We recognize that much of Appellees' argument hinges on the fact that Casey's expert reports were filed late. That issue has not yet been resolved by the trial court, and we will not consider it at this juncture. Our standard of review requires us to examine the evidence of record; and those late-filed expert reports are indeed evidence of record at this time.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/17/19</u>